## Gray & Bell *versus* Scott and Wife.

1. The end of a railroad track was over a passage way in a yard from a rolling-mill through which wheelbarrows, trucks, &c., frequently passed from the mill. A car was negligently pushed over the end of the track and killed a boy playing in the passage. He had been frequently warned not to be in the passage on account of danger from the trucks, &c. His not heeding the warning was not contributory negligence with respect to the car.

2. He was not guilty of contributory negligence with respect to the cars unless there had been some reason to expect danger, and there was a duty of care on his part in relation to it.

November 1st 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 40, to October and November Term 1870.

This was an action on the case, commenced May 26th 1869, by George Scott and Selina his wife against George Gray and Isabella Bell, partners, &c. The suit was brought to recover damages for the death of the plaintiffs' son by the negligence of the defendants.

The defendants had been employed in delivering coal to the rolling-mill of J. Painter & Co. On the side of the mill is a private railroad track belonging to Painter, which the defendants were bound to keep in repair. The end of the track was over a passage-way from the mill into the yard, and there was at the end of the track a piece of board one inch thick for a "butting block;" originally there had been a piece of scantling two or three inches thick. The coal was drawn in mule-cars from the mines to the private track, and then pushed along it by hand. On the 22d of March 1869 Winfield Scott, the son of plaintiffs, about thirteen

[Gray *v.* Scott.]

years old, and employed in the mill, was playing marbles with other boys in the passage under the end of the track, when the hands of the defendants, in pushing up a loaded car, toppled an empty car which was standing on the track, over the end; it fell upon the lad and killed him. This was the cause of action in this case.

The plaintiffs proved these facts with others bearing on the question.

On the part of the defendants Jacob Painter testified: "Am of firm of Painter & Sons; have frequently ordered those boys away from the place where this boy was killed; have caught them and shook them and made them go away; that morning drove the boys away, told them that the place was dangerous; did not expect danger from whence it came, but from wheelbarrows, iron, trucks, &c., in the mill; platform on our own property; have ordered this particular boy away; often told boys that passage-way was dangerous; never thought of danger from cars; if we had been notified of this, would have had it secured; the danger I thought of was from passing and repassing with iron, &c.; Gray & Bell had control of platforms; they had to keep them in repair."

Byron Painter testified to about the same facts.

The defendants' 6th point was:—

"If the jury believe the testimony of Jacob Painter and Byron Painter, owners of the rolling-mill where the accident occurred; that they and their superintendent had repeatedly ordered and driven the plaintiffs' son with other boys away from the place where he was killed, at the same time warning them of the general dangerous character of the passage-way or "gangway," and, notwithstanding such repeated warnings, the boy persisted in frequenting that particular place for the purpose of amusement, then he was guilty of such negligence on his part as to prevent the plaintiffs' recovery."

The court (Kirkpatrick, J.) refused the point.

The verdict was for the plaintiffs for $718.09.

The answer to the point was assigned for error, on the removal of the case to the Supreme Court by the defendants.

*C. S. Fetterman*, for plaintiffs in error.—The plaintiffs cannot recover if they or the lads were guilty of negligence: Shearman & R. on Negligence 23 and 51 note 2, 55 note 2; Oakland Railroad Co. *v.* Fielding, 12 Wright 320; Balfourd *v.* Boud, 30 Jur. 124; Burke *v.* Broadway Railroad, 49 Barb. 529.

*A. Kerr*, for defendants in error, cited Reeves *v.* Del. Lack. & W. Railroad, 6 Casey 454; Brown *v.* Lynn, 7 Id. 510; Penna. Railroad *v.* Kelly, Id. 372; Rauch *v.* Lloyd, Id. 358.

[Gray v. Scott.]

The opinion of the court was delivered, November 14th 1870, by
THOMPSON, C. J.—We think it would have been manifest error
had the learned judge affirmed the defendants' 6th point.  To
have done so, would have been to impute negligence to the plain-
tiff's son, in not regarding a warning of danger from a cause
entirely different from that by which he lost his life.  The Painters
warned the boys, the deceased and others, off the gangway, be-
cause it was a passage for laborers and workmen to pass through
with iron, trucks, wheelbarrows, &c.; it was on account of this
kind of use of the passage-way that they considered it dangerous.
Jacob Painter says he "did not expect danger from whence it
came, but from wheelbarrows," &c.; "never thought of danger
from cars."  The cars were overhead, and there was no possible
danger from them where the boy was killed, unless they were
pitched off the tramway and fell on somebody below.  This was
not anticipated by the Painters or anybody else.  There could be
no danger from this source unless from inevitable accident, reck-
lessness or carelessness.  That there was negligence on part of
the defendants below in not sufficiently securing their tramway
so as to stop the headway of their cars, was scarcely denied, and
that this was the occasion of the cars going overboard and killing
the boy, is undeniable.  But because he was under the tramway
in the passage below, it is thought he was guilty of contributory
negligence.  He could not be guilty of negligence as to the
defendants, without there was some reason to expect danger, and
a duty of care on his part in relation to it.  There was ordinarily
none.  He had a right, therefore, to suppose everything secure
and safely managed on the tramway, and because it was not, he
was killed.  Precisely the same argument could have been used
if the boy had been killed in that place by the negligent use of
fire-arms discharged a hundred yards off.  If he had a moment's
leisure to amuse himself in the interim of his labor, and did so
where he had no reason to expect danger, the fact that he did so
was of itself no evidence of negligence on his part.  We think
that the plea of contributory negligence was not made out by the
testimony referred to in the point, and the court did right in
refusing it.

Judgment affirmed.