THE A. & N. RAILROAD COMPANY, PLAINTIFF IN ERROR, v. ANDERSON BAILEY, ADMINISTRATOR ETC., DEFENDANT IN ERROR.

Practice: QUESTION FOR JURY. Though it is true, in many cases, that where the facts are undisputed the effect of them is for the judgment of the court and not for the decision of the jury, this is true in that class of cases where the existence of such facts come in question rather than where deductions or inferences are to be made from them. And whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case is properly left to the jury. *Stout v. Railroad Co.*, 17 Wall., 657.

ERROR to the district court of Richardson county. Tried below by WEAVER, J. The action there was brought by Anderson Bailey as administrator to recover damages resulting from the death of his infant daughter, Alice N. Bailey, on account of the carelessness and negligence of the defendant company. Verdict and judgment for plaintiff in sum of $2,000.00, from which the defendant prosecuted its petition in error.

*S. B. Galey, Isham Reavis,* and *E. W. Thomas (T. M. Marquett* with them), for plaintiff in error, cited, *inter alia, R. R. Co. v. Stout,* 17 Wallace 657. *Detroit & W. R. R. Co. v. Van Steinburg,* 17 Mich., 99. 4 Wait's Act. & Def., p. 655. *Spencer v. Milwaukee,* 17 Wis., 487. *Greenleaf v. Ills. C. R. R. Co.,* 29 Iowa 14; also 4 Am. R. 181. *Wolfkiel v. Sixth Av. R. R. Co.,* 38 N. Y., 49. Field on Damages, p. 178.

*Frank Martin* and *C. Gillespie* for defendant in error.

The court was careful in stating specifically and in detail the ingredients of legal negligence, for negligence is the product of certain proved pre-existing facts. All facts being duly found necessary to constitute the negligence, then the negligence itself is the aggregate of these facts, and the liability attaches. There was nothing in the instruction calculated to mislead the jury or prejudice the rights of the railroad company. The court could have gone much further with safety. *Railroad Co. v. Breale,* 73 Penn. State, 504. Shearman & Redfield on Negligence, 11. Wharton on Negligence, 420, and cases cited.

COBB, J.

The first instruction given the jury on the trial of this cause is in the following words:

"You are instructed that if you find from the evidence that the said defendant owned and used the said turn-table in an open and exposed public place, without any enclosure or fastening or precaution whatever to prevent thoughtless children from going upon and playing with the same, and that said turn-table was a ponderous and dangerous machine calculated to induce thoughtless and meddlesome children to go upon and play with the same, and that the defendant had notice of these facts and neglected to take the necessary and proper steps to enclose, fasten, or guard the same so as to prevent children from going upon and playing with said turn-table; and if you further find from the evidence that the deceased, Alice N. Bailey, was a child of such tender years as to be incapable of exercising any discretion in the premises, and had no knowledge of the dangerous character of the said machine, and was there without any fault or negligence on her part, or on the part of the plaintiff and parents, and while so there without any fault of hers or her parents, or this plaintiff, she was so injured by said machine that she died, then the jury will find for the plaintiff, and assess his damages at such sum as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, not to exceed five thousand dollars."

In this instruction, the jury are in effect told by the court, that if they believed from the evidence that "the said defendant owned and used the said turn-table in an open and exposed public place, without any enclosure or fastening or precaution whatever to prevent thoughtless children from going upon and playing with the same, and that said turn-table was a ponderous and dangerous machine calculated to induce thoughtless and meddlesome children to go upon and play with the same, and that the defendant had notice

of these facts and neglected to take the necessary steps to enclose, fasten, or guard the same so as to prevent children from going upon and playing with said turn-table," etc., they should find that the defendant was guilty of negligence.

In this instruction I think the court erred. There is in the testimony, to say the least of it, considerable conflict as to the situation of the turn-table with reference to its contiguity to the settled part of Falls City, as well at the time of its construction as at the time of the accident, and also in respect to other matters. I think it should have been left to the jury to find from the testimony whether, under all the circumstances, the defendant was guilty of negligence in erecting the turn-table at the place and allowing it to remain in the condition as shown by the testimony.

The supreme court of Connecticut, in the well-considered case of *Park v. O'Brien*, 23 Conn., 338, says: "The question as to the existence of negligence or want of ordinary care is one of a complex character. The inquiry, not only as to its existence but whether it contributed, with negligence on the part of another, to produce a particular effect, is much more complicated. As to both, they present, from their very nature, a question not of law but of fact, depending on the peculiar circumstances of each case, which circumstances are only evidential of the principal fact—that of negligence or its effects—and are to be compared and weighed by the jury, the tribunal whose province it is to find facts, not by any artificial rules, but by the ordinary principles of reasoning; and such principal facts must be found by them before the court can take cognizance of it and pronounce upon its legal effect."

In the case of the *Detroit & Milwaukee R. R. Co. v. Van Steinburg*, 17 Mich., 99, the supreme court of Michigan, by Ch. J. Cooley, after citing the above case

with approval, add: "It is a mistake therefore to say, as is sometimes said, that where the facts are undisputed, the question of negligence is necessarily one of law. This is generally true only of that class of cases where a party has failed in the performance of a clear legal duty. When the question arises upon a state of facts on which reasonable men may fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of those conclusions has been drawn by the jury. The inferences to be drawn from the evidence must either be certain and incontrovertib.e, or they cannot be decided upon by the court. Negligence cannot be conclusively established by a state of facts upon which fair-minded men may well differ."

.The case of *Railroad Co. v. Stout*, 17 Wall., 657, was a case very similar to the case at bar. At the trial in the court below the jury were instructed as follows: "To maintain the action, it must appear by the evidence that the turn-table, in the condition, situation, and place where it then was, was a dangerous machine —one which, if unguarded or unlocked, would be likely to cause injury to children; that if, in its construction and the manner in which it was left, it was not dangerous in its nature, the defendants were not liable for negligence; that they were further to consider whether, situated as it was as the defendant's property, in a small town, somewhat remote from habitations, there was negligence in not anticipating that injury might occur if it was left unlocked or unguarded; that if they did not have reason to anticipate that children would be likely to resort to it or that they would be likely to be injured if they did resort to it, then there was no negligence." This instruction was distinctly approved by the supreme court of the United States. In the opinion they say: "Upon the facts

proven in such cases, it is a matter of judgment and discretion, of sound inference, what is the deduction to be drawn from the undisputed facts. Certain facts we may suppose to be clearly established, from which one sensible, impartial man would infer that proper care had not been used and that negligence existed; another man, equally sensible and equally impartial, would infer that proper care had been used and that there was no negligence. It is this class of cases and those akin to it, that the law commits to the decision of a jury. * * It is assumed that twelve men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring than a single judge.

"In no class of cases can this practical experience be more wisely applied than in that we are considering. We find accordingly, although not uniform or harmonious, that the authorities justify us in holding in the case before us that although the facts are undisputed, it is for the jury and not for the judge to determine whether proper care was given, or whether they established negligence."

The law as settled by the above cases commends itself to the approval of this court, and does not sustain the instruction above set out.

There are several other points made in the petition in error and brief of counsel, but having reached the conclusion above indicated, it is deemed unnecessary to notice them.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.