JOHN JOHNSON, ADMINISTRATOR OF THE ESTATE OF OLE NILSSON, PLAINTIFF IN ERROR, v. THE MISSOURI PACIFIC RAILWAY COMPANY IN NEBRASKA, DEFENDANT IN ERROR.

1. **Pleadings:** AMENDMENT: PRESUMPTION. Where amended pleadings are filed in the district court and properly certified to the supreme court as a part of the transcript, it will be presumed that such pleadings were filed regularly and with the knowledge or permission of the district court, and they will be treated as properly in the record.

2. **Trial:** QUESTION FOR JURY. If the evidence introduced tends in any degree to sustain all the allegations of the petition, the cause should be submitted to the trial jury, and it is error to instruct them to return a verdict for defendant.

3. ————: ————. Though it is true in many cases that where the facts are undisputed the effect of them is for the judgment of the court and not for the decision of the jury, this is true in that class of cases where the existence of such facts come in question rather than where deductions or inferences are to be made from them. And whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case should be left to the jury. *A. & N. R. R. Co. v. Bailey*, 11 Neb., 332.

4. **Damages:** QUESTION FOR JURY. In an action for damages alleged to have been sustained by the next of kin to a deceased, whose death is alleged to have been caused by the negligence of the defendant, the question as to the amount of damages sustained by reason of such death is for the jury to determine, under such testimony as to the measure of damages as may be submitted to them.

5. **Railroad:** NEGLIGENCE: ACCIDENT TO EMPLOYE ON SUN-
DAY. Where a railroad company finds it necessary to run its
trains on the first day of the week, commonly called Sunday,
and also finds it necessary for its employes to labor on that day
in keeping its track in proper order and repair for the use of such
trains, and while so engaged an employe is injured or killed by
the negligence of such railroad company, the fact that the acci-
dent occurred on that day will not exonerate the company from
liability.

6. ——: NEGLIGENCE A QUESTION FOR JURY. In an action for
damages caused by a personal injury, resulting from the alleged
negligence of the defendant, and some testimony is adduced
tending to prove such negligence, the question as to whether
the defendant was or was not guilty of negligence must be
decided by the jury, and therefore all evidence bearing upon
that subject should be submitted to them.

ERROR to the district court for Douglas county. Tried
below before WAKELEY, J.

*Congdon, Clarkson & Hunt,* for plaintiff in error.

1. Defendant can not exonerate itself upon the propo-
sition that the accident resulted from the act of God, un-
less it shows that it was guilty of no act which contributed
to the accident. Shearman & Redfield on Neg., p. 6, § 5.
*Pruitt v. Han. & St. J. R. R.,* 62 Mo., 527-541. Hutch-
inson on Carriers, p. 145, § 186. *Michaels v. N. Y. Cen.
R. R.,* 30 N. Y., 564. *Read v. Spaulding,* 30 N. Y.,
630. *Bostwick v. B. & O. R. R. Co.,* 45. N. Y., 712.
*Condict v. Ry. Co.,* 54 N. Y., 500. *Wolf v. Am. Ex. Co.,*
43 Mo., 421-425. Nor upon the proposition that intestate
was working upon Sunday, contrary to the laws of this
state. Comp. Stats., p. 703. Repairing a railroad should
certainly be regarded as a work of necessity, and if it were
*not,* the weight of law is against the position of defendant.
*McGatrick v. Wason,* 4 O. S., 566. *Sutton v. The Town of
Wauwatosa,* 29 Wis., 21, and cases cited. *Knowlton v.
Mil. City Ry. Co.,* 59 Wis. 278. Nor upon the propo-

sition that road was operated by another corporation, or that another corporation controlled the rolling stock. *Abbott v. Johnstown Horse R. R. Co.*, 80 N. Y., 27. *Nelson v. Vt. & Can. R. R. Co.*, 26 Vt., 717. *Railroad Co. v. Brown*, 17 Wallace, 445. Rorer on Rys., Vol. 1, p. 607 and cases cited. *Ill. Cent. R. R. Co. v. Barron*, 5 Wallace, 90.

2. The court below found as a matter of law that Nilsson was guilty of contributory negligence. He was an ignorant Swede, but just arrived in this country. He was inexperienced. He had been ordered by his section boss to place the hand-car on the track for the purpose of going back to Talmage. All supposed the road before them clear. No train was due for hours. He was obliged to hold the hand-car; the storm was severe; and in its rush and fury, with his superior almost within reach, whose duty it was to warn him against any possible danger, he lay down under the car and met his death. It does not follow that because he was killed while in that position, that, under the circumstances of this case, he was guilty of contributory negligence as a matter of *law.* The question should have been left to the jury. *A. & N. R. R. Co. v. Bailey*, 11 Neb., 332. *C., St. P., M. & O. R. R. Co. v. Lundstrom*, 16 Neb., 254. *Gray & Bell v. Scott and wf.*, 66 Pa., 345. *Corey v. N. P. Ry. Co.*, 21 N. W. Rep., p. 479. *McKean v. B. C., R. & N. R. Co.*, 55 Ia., 192. *Morris v. C., B. & Q. Ry. Co.*, 45 Ia., 29. *Berry v. Cen. Ry. Co.*, 40 Ia., 564. *Bucklew v. Cen. Ia. Ry. Co.*, 21 N. W. Rep., 103. *Pringle v. Chi. & R. I.*, 21 N. W. Rep., 108. *Crowley v. Burlington C. R.*, 20 N. W. Rep., 467. *Buell v. N. Y. Central*, 31 N. Y., 314. *Miller v. U. P. Ry.*, 4 McCrary, 115. *Miller v. U. P. Ry.*, 5 McCrary, 300. *Bohan v. Mil., L., S. & W. Ry. Co.*, 58 Wis., 30. *Ferguson v. Wis. Central Ry. Co.*, 23 N. W. Rep., 123. *Knowlton v. Mil. City Railway Company*, 59 Wis., 278. *N. W. Railway Company v. Bayfield*, 37 Mich.,

205. *Walsh v. Peet Valve Company*, 110 Mass., 23. *Strahlendorf v. Rosenthal*, 30 Wis., 674. *Coombes v. New Bedford Cordage Company*, 102 Mass., 572.

*Charles Ogden* and *Everest & Waggener*, for defendant in error.

1. There is no allegation in the pleadings nor proof upon the trial that defendant company had in its employ any incompetent servants; therefore the law implies that all legal duties in examination and inspection of the car in question had been exercised and complied with before the accident complained of. 135 Mass., 201. 50 Iowa, 680. 1 Am. & Eng. Rwy. Cases, 101. 2 Id., 140. 5 Id., 480. 11 Id., 193.. 54 Wis., 257, pp. 267–282.

2. There is no allegation or proof that the car in question was defective, unsafe, or imperfect when received. *Kidwell v. Railway Co.*, 3 Wood U. S. C. C., 313.

3. Defendant company had the right to imply and rely upon it; that when the deceased entered its employ he was a person of ordinary understanding, care, and caution, and would exercise ordinary care to prevent injury to himself. The company could not be required to anticipate that he would place himself in any unnecessary peril or in any unnecessary perilous position. *R. R. Co. v. Plunkett*, 25 Kansas, 201.

4. The allegations of plaintiff's petition were, that the negligence of defendant company, which caused the injury, was in leaving the car in question on defendant's track, unwatched, and with the brakes unset, on down grade. This the plaintiff had to prove by preponderance of evidence, and to prove the negligence in the manner alleged. *Manuel v. Ry. Co.*, 56 Ia., 655. *Haines v. Ry. Co.*, 41 Ia., 227. *Muldowney v. R. R. Co.*, 32 Ia., 176. *Owen v. Owen*, 22 Ia., 270. *Waldhier v. R. R. Co.*, 71 Mo., 514. *Edens v. R. R. Co.*, 72 Mo., 212. *Price v. Ry. Co.*, 72

Mo., 414.   *Ry. Co. v. Troesch*, 68 Ill., 545.   *Ry. Co. v. Foss*, 88 Ill., 551.

5. The invariable rule is, that a party whose negligence is the proximate cause of the accident cannot recover for the injury sustained.   *Fleming v. R. R. Co.*, 49 Cal., 253. *De Ville v. R. R. Co.*, 50 Cal., 383.   *Potter v. R. R. Co.*, 21 Wis., 372.   And where, as in this case, the facts are clearly settled and the course which common prudence dictates can be clearly discerned, it was the duty of the court to decide the case as a matter of law.   Sherman & Redfield on Negligence, § 11, p. 13.   *Glassey v. R. R. Co.*, 57 Penn. St., 172.   *R. R. Co. v. McClurg*, 56 Penn. St., 294.

6. While some of the authorities hold that contributory negligence on the part of the plaintiff is a matter of defense to be proved by the defendant, still this rule does not prevent the trial court from directing judgment as in case of nonsuit, if the evidence introduced by plaintiff established the defense of contributory negligence.   *Hoth v. Pelers*, 55 Wis., 405.   *Schuchardt v. Allens*, 1 Wallace, 370. *Parks v. Ross*, 11 Howard, 362.   *Bliven v. N. E. Screw Co.*, 23 Howard, 433.   *Improvement Co. v. Munson*, 14 Wallace, 442.   *R. R. Co. v. Miller*, 25 Mich., 274.   *Abbett v. Ry. Co.*, 30 Minn., 482.

7. The rule is well settled, that where it appears by plaintiff's evidence when he rests his case, that his own negligence contributed to the injury for which he sues, that it is the duty of the court to grant a nonsuit.   *Express Co. v. Nichols*, 33 N. J. Law, 434.   *R. R. Co. v. Moore*, 4 Zabriskie, 824.   *Aycriggs Exrs., v. R. R. Co.*, 30 N. J. Law, 460.   *Harper v. Ry. Co.*, 32 N. J. Law, 88.

REESE, J.

Counsel for defendant in error, both by his brief and in the oral argument, called the attention of the court to the alleged fact that the amended petition of defendant in error

attached to the record was filed without his knowledge, and without permission from the district court, and presents the case in this court upon the original petition alone, disregarding the amended petition. By an examination of the record we find the amended petition copied into the transcript, duly certified by the clerk of the district court, and treated in all respects as the other proceedings in the case. This being the case we must treat the amended petition as being properly in the transcript and properly filed in the district court. If objection is made to pleadings or other papers on file in the district court, the correction must be there made. All presumptions are in favor of the regularity of the proceedings. Irregularities cannot be presumed. They must affirmatively appear, and such irregularity must pertain to the action of the lower court, and not to its officers over which it has control and whose mistakes and errors, if any, it is the province of that court to correct.

This action was instituted by plaintiff in error, as the representative of Ole Nilsson, deceased, for the recovery of damages alleged to have been sustained by reason of a personal injury inflicted upon the said Nilsson, and by which he was killed. The cause was tried to a jury, who, after hearing the testimony offered by plaintiff, under the direction of the court returned a verdict in favor of defendant; the learned judge sitting at the trial holding that the facts proved did not constitute a cause of action in favor of plaintiff. Plaintiff excepted to the instruction of the court, and now, among other things, assigns the same as error. The testimony, as shown by the bill of exceptions, consists in part of the testimony of witnesses before the court and jury, in part by depositions, and in part by a stipulation of facts filed in the case and read to the jury.

The question presented is, whether or not the court, upon the close of plaintiff's testimony and upon motion of defendant, erred in instructing the jury to find for the defendant, upon the theory that the testimony introduced did not

make a case upon which the jury should pass. This question was before this court in *Smith v. S. C. & P. R. R. Co.*, 15 Neb., 583. In that case it is said that, "by the interposition of the motion the defendant admitted not only the truth of the evidence but the existence of all the facts which the evidence conduces to prove, as well as inferences to be drawn from it. The only question is, whether all the material facts alleged in the petition have been supported by *some* evidence, however slight. It matters not how slight this evidence may have been, if any was produced the motion should have been overruled, because it is the right of a party to have the weight and sufficiency of his testimony passed upon by the jury." See also *Ellis & Morton v. Ins. Co.*, 4 O. S., 646. *Stockstill v. R. R. Co.*, 24 Id., 86. *Way v. R. R. Co.*, 35 Iowa, 586. *Davis v. Steiner*, 14 Penn. St., 275.

The petition, in stating the facts of the accident, alleges, in substance, that at the time of the injury the deceased was in the employ of the defendant, working with other laborers in and about the road-bed of defendant as a section hand, under the supervision and direction of a foreman or boss, who was in defendant's employ, and under whose orders the deceased labored. That in connection with said work, and for the purpose of transporting themselves and tools to the work, the said foreman and laborers used and operated a hand-car owned by defendant. That after they had gone to their labor, at a point on the line of the railroad about one mile south of Talmage, a station on the road, and had removed the hand-car from the track, a violent wind and rain storm came up and forced them to desist from their work. That by order of the foreman the hand-car was placed back upon the track, boarded by the laborers, including deceased, and they all started back to Talmage. That defendant had carelessly left standing upon the side track a freight car, the brakes of which were so out of order and broken that they could not be set, and

of which defendant had notice, and that by force of the wind this car was driven from the side track onto the main track of the railroad and down a descending grade onto and over the hand-car and those thereon (they being so blinded by the storm as to be unable to see it), and by which the deceased was injured, and soon thereafter, from the injuries, died. The petition also negatives any negligence on the part of the deceased.

The stipulation of facts, as well as the testimony, shows substantially that when the storm became violent the workmen quit work. The foreman ordered the hand-car to be replaced upon the track, but at that time the storm was so violent that it could not be propelled against it, and that the deceased then, of his own volition, with several other section men, got under the hand-car and laid down on or between the rails with their faces downward, for the purpose of holding the hand-car from being driven south before the storm, and to shelter themselves from the severity of the wind and rain, and while lying in this condition a freight car which had been left standing upon the side track at Talmage was driven by the storm onto the main track and on a downward grade at a rapid rate toward where the deceased and other workmen were, and that it, by force of the storm, was driven onto and against the hand-car with such violence as to cause the death of deceased. The testimony shows that the freight car was standing a distance of from ten to twenty feet from and south of the other cars upon the side track, that the brakes were not set, and could not be set owing to the condition of the brake, it being out of repair. As to how long the brake had been broken the testimony does not show, but it is fully proven that on the day previous the car was unloaded and the brake at that time was broken so that it was useless. The switch connecting the side track with the main line track was what is known as a split switch, and permitted the car to pass out onto the main track.

The condition in which this car was left would be sufficient evidence of negligence to warrant the court in submitting that question to the jury, under proper instructions, under the rule in *A. & N. R. R. Co. v. Bailey*, 11 Neb., 332. But it is insisted that the action of the deceased in placing himself under the car under the circumstances which he did was contributory negligence upon his part to such a degree as would prevent his recovery, no matter what the proof of negligence as to the defendant in error might be, so long as it was not wanton or willful. A majority of the court instruct me to say that in their opinion the question of negligence on the part of deceased was also one which ought to have been submitted to the jury. At the time of the accident there was no train due. It was on Sunday and no regular trains were run on that day, yet irregular trains used in the construction and reparation of the road were liable to pass, ordinarily, at any time. Deceased was under the command of the section boss. By his order the hand-car was placed on the track for the purpose of going back to Talmage. He had charge and supervision of deceased so far as to control his actions in and about the employment. Why he did not direct the hand-car to be removed from the track is not shown. He remained standing near the track, and within six feet of the hand-car until the approach of the freight car. Deceased might to some extent depend upon him and others standing by for notice of an appaoaching train or other danger, the position of deceased being such that he could not. Deceased was inexperienced and not acquainted with the English language, which was known to the foreman or section boss. Under the circumstances of the case it was for the jury to say whether the conduct of the deceased amounted to negligence. *Gray v. Scott*, 66 Pa., 345. *McKean v. R. R. Co.*, 55 Ia., 192. *Morris v. R. R. Co.*, 45 Id., 29. *Bohan v. R. R. Co.*, 58 Wis., 30. *A. & N. R. R. Co. v. Bailey, supra. R. R. Co. v. Stout*, 17 Wall., 657. *R. R. Co. v. Kirk*, 90 Penn. St., 15.

It is contended that the proof does not show that deceased was under the direction of the foreman Courtney, and that under the evidence he, Courtney, sustained no such relation to deceased as vice principal of defendant. It is true the testimony upon this point is meager, but enough is shown by the stipulated facts to amount to at least *some* evidence upon this point, the stipulation being to the effect that the intestate, in company with others, "went to their work under the direction of Owen Courtney, defendant's section boss," and that the hand-car was placed upon the track under his direction, etc. This was enough to submit the question to the jury.

It is claimed by defendant in error that no pecuniary injury resulting from the death is shown by the evidence. The action was brought under the provisions of the act of May 1st, 1873, Compiled Statutes, chapter 21. By the second section of that act it is provided that, "the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars," etc. The testimony shows that the deceased was an unmarried man, that his mother was dead, and his father is the next of kin. It is shown by the testimony of the father that he had received no aid from the deceased since the arrival of deceased in this country, the father being a resident of Sweden. It is also shown that the deceased had been in this country but a short time. We think the question here presented can have application only to the measure of damages. If it should appear upon trial that the father suffered no damage in the death of the son, it is probable there could be a recovery only for nominal damages. But, it is said that the word "pecuniary" as used in our statute is not construed in a strict sense. The damages are largely prospective, and their determination committed to the discretion of juries.

upon very meagre and uncertain data. A parent may recover for loss of expected services of children not only during minority, but afterwards, on evidence justifying a reasonable expectation of pecuniary benefit therefrom. Neither is it essential that this expectation of pecuniary benefit should be based on a legal or moral obligation on the part of the deceased to confer it, but it may be proved by any circumstances which render it probable that such benefit would, in fact, be realized. And as a right of action is given whenever the injured person, had he lived, could have maintained an action, at least nominal damages may be recovered. 3 Sutherland on Damages, 182, 183. *City of Chicago v. Scholten*, 75 Ill., 468. *Johnson v. R. R. Co.*, 7 O. S., 336. *R. R. Co. v. Killer*, 67 Penn St., 300. *McIntyre v. R. R. Co.*, 37 N. Y., 287. *R. R. Co. v. Kirk, supra. R. R. Co v. Shannon*, 43 Ill., 338. *R. R. Co. v. Barron*, 5 Wall., 90. *Grotenkemper v. Harris*, 25 O. S., 510.

The accident occurred on a Sunday. It is claimed "that no damages could be recovered by plaintiff for injuries suffered by his intestate while engaged in the performance of an illegal act," common labor on the Sabbath day being prohibited by section 241 of the Criminal Code.

It is true that, subject to the exception named in the statute, ordinary labor on the first day of the week is in violation of law, but we cannot hold that under the circumstances of this case this statute will destroy the right to recover. One of the exceptions of the statute is that of railway companies running necessary trains. If railway companies assume to decide what trains are necessary, and in the exercise of that right find it necessary to run construction and material trains, as shown by the testimony of their engineer, and for the purpose of enabling them to do so require the labor of their track men to keep the track in a passable condition, it would require a stretch of imagination and a severe twisting of legal principles to hold that

under such circumstances they would not be liable for negligence resulting to an employe engaged in what they themselves held to be a work of necessity.

During the trial the witness Conger, who had moved the car on Saturday, was asked if at the time he moved the car the brakes on it were set. This was objected to by defendant as immaterial, irrelevant, and incompetent. The court decided that if the witness examined the brake and could state any facts tending to show that the brake was imperfect, he might state them. Plaintiff then offered to prove the fact of the brake being unset, the objection to which was sustained. This ruling is assigned for error. Under the rule laid down in *R. R. Co. v. Bailey*, 11 Neb., 332, it would seem that the question should have been answered by the witness and the testimony allowed to go to the jury for them to pass upon. It is true that the fact sought to be proved is of minor importance, yet in a remote degree it would have some bearing as a circumstance tending to throw light upon the question of negligence on the part of defendant.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

The other judges concur.