Seeden, J.
The answer in this case having denied that the plaintiffs were ever incorporated as alleged in their complaint, it was incumbent upon them to prove their incorporation upon the trial. The defendant's counsel insists that the certificate introduced for that purpose, was insufficient to support the issue on the part of the plaintiffs; because the act for the incorporation of religious societies, requires certain preliminary acts in order to incorporate under it, which acts, being virtually conditions precedent to the creation of such a corporation, must be proved before its existence can be established.
The preliminary acts referred to are: The giving of the notice in the manner required by the third section of the act; the assembling of the male members of the church or congregation, pursuant to such notice; the selection in the proper manner of the proper persons to preside at such meeting; the election of trustees; and the making, acknowledging and ¡recording of the certificate of the presiding officers.
It is obvious, that if religious corporations are bound, whenever they bring.a sui^, t© prove a strict compliance with the *485 statute in respect to all these preliminary circumstances, it would be impossible for them in most cases to enforce their rights in a court of law. If these facts must be proved in one case, they must in all, and corporations may thus be called upon fifty years after the events took place to furnish proof of their occurrence. The statute has provided for no record evidence on the subject, except in respect to those facts required to be inserted in the certificate of organization.
But a rule so inconvenient as that contended for by the defendant’s counsel, has never yet been established in regard to any class of corporations. On the contrary, it has been repeatedly held, that as against all persons who have entered into contracts with bodies assuming to act in a corporate capacity, it is sufficient for such bodies to show themselves to be corporations de facta. This cannot be done by simply showing that they have acted as corporations for any period of time, however long. Two things are necessary to be shown in order to establish the existence of a corporation de facto, viz.: 1. The existence of a charter, or some law under which a corporation with the powers assumed might lawfully be created; and, 2. A user by the party to the suit, of the rights claimed to be conferred by such charter or law. ( United States Bank v. Stearns, 15 Wend., 314.)
The rule established by law as well as by reason is, that parties recognizing the existence of corporations by dealing with them, have no right to object to any irregularity in their organization or any subsequent abuse of their powers, not connected with such dealing. As long as these are overlooked or tolerated by the State, it is not for individuals to call them in question. In the case of Trustees of Vernon Society v. Hills (6 Cow., 23), which was an action brought by the trustees of a religious corporation, Savage, Ch. J., used the following language: “The plaintiffs have acted as trustees upon the matter in question, and in bringing their suit, colore officii; and before an objection to their right can be sustained by the defendant, on the ground that they were not regularly elected, he must show that proceedings have been instituted against *486 them by the government, and carried on to a judgment of ouster.” And in the case of Brouwer v. Appleby (1 Sandf., 158), in the Superior Court of the city of New York, an action brought by the receiver of a corporation upon a promissory note, and where the defence was that the corporation was never duly organized, Oakley, Ch. J., said: “The defendant, as a contracting party with this corporation, cannot object to the want of the requisite organization; and any defect in that respect, if valid, is only available in behalf of the sovereign power of the State.” (Eaton v. Aspinwall, ante, 119). I have said that a party to a suit, in order to show itself to be a corporation de facto, must prove the existence of a law authorizing its incorporation—that is, it must appear that such authority exists—if by special charter it must be proved; but when there is a general law of our own State, authorizing a particular class of incorporations, the courts, I think, will take judicial notice of it. If, however, it were otherwise, it is to be inferred that the statute authorizing the incorporation of religious societies was introduced upon the trial, as it was referred to, and relied upon by the counsel upon both sides.
But it is insisted by the defendant’s counsel that there was no proof of user. The degree of proof required on this subject, depends to some extent upon the nature of the incorporation, and the law under which it is organized. Where no provision is made for any permanent evidence .of the fact of organization, more proof of user would be necessary than where, as in this case, the essential steps by which the organization is accomplished are required to be made a matter of record.
In such cases, if the record is perfect, then perhaps nothing else need be shown; but if imperfect, it may still stand in place of, and be equivalent to, a very considerable degree of evidence of user. The imperfection of the record cannot be taken advantage of by a private individual, who has entered into engagements with the corporation. The rightfulness of its existence not being in issue, of course evidence of any irregu *487 larities or defects in its organization, short of such as would show a want of good faith on the part of those concerned in the proceedings, would be wholly irrelevant. If the law exists, and the record exhibits a bona fide attempt to organize under it, very slight evidence of user beyond this, is all that can be required.
We have in this case, in addition to the certificate of incorporation in 1826, first, the subscription paper signed by the defendant and others, and dated in April, 1850; then a meeting of trustees and building committee in May, 1850; and another of the trustees alone in August, 1851; with the resolutions passed at both these meetings.
But it is said by the counsel, that there is no evidence that these acts of 1850 and 1851 were acts of the same body organized or attempted to be organized by the proceedings in 1826. Let us see. In the first place the name is the same; in the next place the location is the same, as is shown by the subscription papers and the certificate, viz., the village of Lyons; then again we find the trustees resolving in 1850 “to demolish and remove” their church for the purpose of erecting “a new church” upon the same site: thus affording some ground at least for the presumption that the society had been sometime in existence. .Under these circumstances, it is, I think, safe to infer, in the absence of any evidence to the contrary, that the society thus acting in 1850 is the same as that organized by the same name, in the same place, in 1826. If this is so, more proof of user can hardly be requisite to establish the existence of a corporation de facto. It is unnecessary, therefore, to inquire whether the certificate recorded in 1826 is or is not in strict accordance with the provisions of the statute. Were it otherwise, however, I should be of opinion, as held by the Supreme Court, that the certificate does substantially conform to the requisitions of the act. The other objections made to the judgment of the Supreme Court are I think clearly untenable.
The judgment, therefore, should be affirmed.
*488 Johnson, CL J., Comstock, Allen, Gray and Strong, Js., concurred on both the grounds taken by Selden, J.; Denio and Grover, Js., concurred on the ground of the sufficiency of the certificate.
Judgment affirmed.