CHARLES HALL, ET AL., PLAINTIFFS IN ERROR, v. TIMOTHY VANIER, DEFENDANT IN ERROR.

1. **Arbitration.** In an action on an award, the defendant may set up as a defense that the arbitrators considered matters not sub- mitted to them, or omitted to consider matters which were sub- mitted, and may prove such matters in bar.

2. ——: EVIDENCE. Arbitrators are proper witnesses to testify con- cerning what matters were presented before them, and whether or not they had considered all the matters referred.

3. **Practice:** INSTRUCTIONS TO JURY: VERDICT. Where, from the testimony in a case, the facts are in dispute, it is error for the court to direct the jury how they shall find a verdict.

ERROR from the district court of Douglas county. Tried below before SAVAGE, J.

The opinion states the case.

*W. J. Connell,* for plaintiff in error.

*E. Wakeley,* for defendant in error.

MAXWELL, J.

Timothy Vanier as assignee of Z. Vanier, commenced an action in the district court of Douglas county against Charles Hall, Thomas F. Hall, and Watson Fletcher, to recover the sum of $497.00 and interest on an award in favor of Z. Vanier, and against said defendants.

The defendants answered the petition of the plaintiff, denying that Timothy Vanier owned the claim sued on, and alleging that they are the owners and assignees of said claim. The defendants further allege that Z. Vanier, on the eighteenth day of August, 1870, assigned said claim in writing to C. C. Crowell, who owned the same at the time the action was commenced, and that Crowell has since sold and assigned the same to the defendants, who are now the owners thereof.

The defendants further allege, that on or about the fifteenth day of August, 1869, they entered into co-partnership with Z. Vanier, in the business of milling, and that said co-partnership continued about six months, and was then dissolved; that at the time of the dissolution of the firm, it had large liabilities outstanding, then amounting to about the sum of $279; and also had certain credits due it; that the amount of said assets is unknown to defendant, but a portion of said credits are doubtful claims, and a full collection thereof cannot be made; that all matters in difference between Vanier

and the defendants were included in an agreement of submission to arbitrators who made an award; but that said award fails to find or award, or in any manner determine, the questions whether or not Vanier shall be held for his proportion of such liabilities, or whether he shall be fully discharged therefrom, and also fails to find what interest, if any, said Vanier shall have in the assets of the firm.

The plaintiff filed a reply to the answer of the defendants:

1. Denying that the assignment of the claim in dispute to plaintiff was made after the alleged assignment to the defendants, or after August 30, 1871.

2. Denying that plaintiff has no interest in said claim, but alleging that he is the owner thereof.

3. Denying that defendants are the assignees of said claim, and that on the eighteenth day of August, 1870, or any other time before the assignment to plaintiff, Z. Vanier, for a valuable consideration, or otherwise, assigned said claim to C. C. Crowell or any other person.

4. Denying that Crowell assigned said claim to defendants, but that if he has done so it has been done since the commencement of this suit.

5. Denying that said arbitrators failed to make an award on all the issues submitted to them.

On the trial of the cause, the court instructed the jury to find for the plaintiff, and against the defendants, for the full amount claimed in the petition. A motion for a new trial was made, which was overruled by the court, and judgment rendered on the verdict against the defendants, to reverse which they bring the case into this court by petition in error.

In an action on an award, the defendant may set up as a defense that the arbitrators considered matters not submitted to them, or omitted to consider matters

which were submitted, and may prove these matters in bar in an action at law to enforce the award. 2 Green-leaf on Evidence, sec. 78, and cases cited.

And although ordinarily they will not be bound to disclose the grounds of their award, yet they may be examined to prove that certain matters were or were not examined or acted on by them. *Id. Rook v. Bru-backer*, 1 Rawle, 304. *Alder v. Savill*, 5 Taunt., 454. *Zeigler v. Zeigler*, 2 Sergt. & Rawle, 286.

In *Briggs v. Smith*, 20 Barb., 409, the court say: "In *Butler v. The Mayor*, 1 Barb., 334, before cited, the court remarked, that where there is not enough on the face of the award to show that it did not go beyond the submission, parol evidence might be resorted to, and that the arbitrators, or either of them, were competent witnesses to prove that fact, unless *mala fides* should be alleged. Here the defendant expressly stated, when the offer was made, that no bad faith on the part of the arbitrators was imputed. In such cases the evidence of arbitrators has often been admitted to show that they did, or did not, take into consideration any particular subject matter."

In the case of *Strong v. Strong*, 9 Cush., 576, the court say: "Indeed, on a first view of the subject we entertained some doubts of the admissibility of the testimony of Edwards himself. But the admission of such testimony seems to be required by the necessities of justice. It is received without challenge (see *In re* Hicks, 8 Taunt., 694) in the English courts. And though the general doctrine be, that an arbitrator can-not be suffered to impeach his own award (*Bigelow v. Maynard*, 4 Cush., 317), especially by declarations *in pais*, yet in cases like the present, this court, in sitting at *nisi prius*, has admitted the arbitrators to depose to facts which transpired at or during the arbitration,

tending to show the award to be void for legal cause."
*Boston v. Gray*, 6 Met., 131.

"If the submission is made conditional by the clause
of *ita quod arbitrium fiat de præmissis*, and recites several
distinct matters which are specifically referred, and the
arbitrators omit to decide one of the matters, and
there are no general words in the award which can be
construed to embrace a decision on such particular mat-
ter, the whole award is bad." *Ott v. Schroeppel*, 5 N. Y.,
486. *McNear v. Bailey*, 18 Me., 201. Morse on Arbi-
tration, 361.

Where, as in this case, the defense is, that certain
matters submitted to them were not considered by the
arbitrators, they are proper witnesses to testify concern-
ing what matters were presented before them, and
whether or not they had considered all the matters so
referred. Morse on Arb., 361. 2 Greenleaf on Evi-
dence, sec. 78. 1 Rawle, 304. *Alder v. Saville*, 5
Taunt, 454. *Zeigler v. Zeigler*, 2 Sergt. & Rawle, 286.

The court therefore erred in excluding the cross-
examination of John S. Bowen, in relation to what
matters were considered in making up the award. The
court also erred in excluding testimony offered by the
defendants in regard to the assignment of the claim in
controversy, and in directing the jury to find a verdict
for the plaintiff. The judgment of the district court
is reversed and the cause remanded for a trial *de novo.*

REVERSED AND REMANDED.