IN THE

# SUPREME COURT OF NEBRASKA.

### JULY TERM, 1878.

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
  "    GEORGE B. LAKE, } JUDGES.
  "    AMASA COBB,

---

CHARLES HALL, PLAINTIFF IN ERROR, v. TIMOTHY VANIER,
DEFENDANT IN ERROR.

1. **A Final Judgment** is one that disposes of the merits of the case.
2. ———. Z. V. commenced an action against H. and others, upon an award. Afterwards, upon it being made to appear to the court that Z. V. had assigned to T. V. his interest in the action, an order of substitution was made. T. V. then dismissed the action without prejudice, and commenced an action on the award in his own name. *Held,* that the order of substitution was not a final order or judgment, and not conclusive.

THIS was a re-hearing of the case reported in 6 Neb., 85.

*W. J. Connell* and *John I. Redick,* for plaintiffs in error.

*E. Wakeley,* for defendant in error.

MAXWELL, CH. J.

This case was argued and submitted to the court last year, and an opinion filed, which is reported in 6 Neb., 85. Afterwards, upon an affidavit being filed that there was an agreement between the attorneys for the respective parties not to submit the case at the term at which it was submitted, and a decision rendered, a re-hearing was granted.

It appears from the record that Z. Vanier brought an action in the district court of Douglas county against the plaintiff in error, upon the award in question, and before the trial of the cause Timothy Vanier was substituted as plaintiff, who then dismissed the action without prejudice. The defendant in error afterwards brought an action on the award in his own name. The attorney for the defendant in error insists that the order substituting Timothy Vanier for Z. Vanier in the first action is a final judgment, and is conclusive upon the question of the assignment. A final judgment is one that disposes of the case, either by dismissing it before a hearing is had upon the merits, or after trial, by rendering judgment either in favor of the plaintiff or defendant. But no judgment or order which does not determine the rights of the parties in the cause, and preclude further inquiry as to their rights in the premises, is a final judgment. The order in question was not therefore a final determination, and is not conclusive.

The other questions presented on the argument of the case were fully considered in the former opinion. And after due consideration we see no reason for reversing our judgment in that case. The judgment heretofore rendered in this court, reversing the judgment of the court below, is therefore affirmed.

JUDGMENT ACCORDINGLY.