## MILNE v. WALKER.

1. **Instruction:** ORDER TO FIND FOR DEFENDANT: ERROR WITHOUT PREJUDICE. An order by the court to the jury to bring in a verdict for the defendant is not an "instruction" in contemplation of the statute requiring instructions to be in writing, and the fact that such order was given orally was, at the most, error without prejudice.

2. **Negligence:** CONTRIBUTORY: LAW AND FACT. If there are no complicating circumstances, and if the undisputed facts are such that a reasonable mind can draw no other conclusion than that the plaintiff was in fault, it is the province of the court to determine the question as one of law, and it may properly order the jury to return a verdict for the defendant.

*Appeal from Fayette District Court.*

THURSDAY, JULY 13.

THE plaintiff claims damages of the defendant and for cause of such claim alleges that the defendant so negligently tied a certain stallion of the defendant in plaintiff's barn, and with such a weak and insufficient halter that the stallion broke loose and injured a horse of the plaintiff, standing in a stall in said barn by breaking his leg. He avers that the damage was caused by the negligence of the defendant and without fault or negligence on his part.

There was a trial by jury, and a verdict and judgment for defendant. Plaintiff appeals.

*Ainsworth & Hobson* and *Hoyt & Hancock*, for appellant.

*D. W. Clements* and *A. S. Hallembeak*, for appellee.

ROTHROCK, J.—I. After the plaintiff had introduced his evidence and rested his case, the court made the following oral statement: "As I understand this case there is no use

1. INSTRUCTION: order to find for defendant not: error without prejudice.

of going any further with it, as the contributory negligence of the plaintiff in this action is such that he cannot recover on it. The case will probably go to the Supreme Court anyway, and I

think the case, as it is, is as good for the plaintiff as it can be made, and it is better not to make a long and expensive record.

"Gentleman of the jury you will bring in a verdict for the defendant."

The plaintiff objected to the court instructing the jury orally and insists that the judgment should be reversed for this error.

It is true the statute requires instructions given by the court to the jury to be in writing. But this instruction was really not an instruction by the court to the jury directing them as to the law of the case. It was no more than a direction to them to return a verdict for the defendant. If this direction was warranted from the evidence, or rather from the want of evidence in the case, the failure to put the order to the jury in writing was error without prejudice. We would surely not be asked to reverse the case and send it back for a new trial, because of an error which did not and could not influence the verdict.

II. The undisputed facts are that in the spring of 1878 the defendant was the owner of a stallion, which he moved from place to place making the season. He called on the plaintiff, who is a farmer, and made application for a stopping place with his horse, to which the plaintiff assented. The stallion was, by the plaintiff's direction, put in a stall in the barn, and in the same part of the barn and without any barrier being placed between them, the plaintiff kept a gelding and a mare. The three animals were kept in their stalls by means of halters, with which they were tied. On the defendant's second or third trip in going his rounds, and in the night-time, the stallion broke his halter and attacked the gelding with such violence as to break his leg. The plaintiff knew where the stallion stood in the evening before the injury and knew that he was tied and that his own horses were in the barn.

There is further evidence to the effect that the halter with

2. NEGLI-
.GENCE: con-
tributory:
law and fact.

Milne v. Walker.

which the stallion was tied was not sufficiently strong to restrain that kind of an animal, and that he was inclined to be cross and vicious. But there is no evidence that the plaintiff did not know the kind of halter with which the stallion was tied, and there is no claim made in the petition that he was a vicious animal, and that plaintiff did not know that fact, and it does not appear that plaintiff was unaware of the character of the animal as to viciousness.

That he must have had some knowledge of the general propensities of stallions must be conceded, for it appears that he was keeping one of his own in another part of the same barn. Under these facts we think the court correctly directed a verdict to be returned for the defendant. That the two parties were equally in fault is apparent, and the plaintiff had no more right to recover damages than the defendant would have had if his stallion had been injured instead of the plaintiff's horse. The plain fact is that when these two parties put their animals in their respective stalls, each took upon himself whatever risk there was in so doing.

We think the undisputed facts in this case show, as a matter of law, that plaintiff is not entitled to recover. *Artz v. C., R. I. & P. R. R. Co.*, 34 Iowa, 153; *Starry v. D. & S. W. R. R.*, 51 Id., 419; *McLaury v. The City of McGregor*, 54 Id., 717.

It is correct as claimed by the plaintiff that the question of negligence does not in all cases become one of law when the facts are undisputed. But if there are no complicating circumstances, and if the undisputed facts are such that a reasonable mind can draw no other conclusion than that the plaintiff was in fault, it is the province of the court to determine the question as one of law.

AFFIRMED.