DORSEY B. HOUCK v. JOSEPH H. GUE.

SAME v. DANIEL C. HURLEY.

[FILED JULY 2, 1890.]

</div>

1. Trial: DIRECTING VERDICT. If a trial court directs a verdict for either party, in a case where the testimony is conflicting upon a material fact, it is error.

2. ———: RIGHT OF ARGUMENT. In a case tried to a jury, where a material fact is in dispute, either party has an absolute right to have his counsel argue the question of fact to the jury.

8

3. The instructions requested by the defendant were properly refused.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*John L. Webster*, for plaintiff in error, cited, as to directing the verdict: *Hilliard v. Goold*, 34 N. H., 230; *Inloes v. Bank*, 11 Md., 173; *Way v. R. Co.*, 35 Ia., 587; *Ellis v. Ins. Co.*, 4 O. St., 628; *Johnson v. R. Co.*, 18 Neb., 696; · *Aultman v. Stout*, 15 Id., 586; *A. & N. R. Co. v. Baily*, 11 Id., 332; *Deitrich v. Hutchinson*, 20 Id., 52. As to the right of argument: Code, sec. 283; *Douglas v. Hill*, 29 Kan., 527.

*Estabrook, Irvine & Clapp, contra.*

NORVAL, J.

These causes being alike in the facts, by consent were tried together. The defendant in error Gue sued the plaintiff in error Houck and one Alexander Benham in the district court to recover the sum of $274 and interest, claimed to be due him for keeping and boarding eight head of horses. The cause was tried to a jury, with a verdict and judgment in favor of Gue and against both Houck and Benham. In the second case Hurley sued Houck and Benham to recover $240 and interest for care and board of seven horses. The verdict and judgment in the case were against both defendants. In each case Houck prosecutes a petition in error.

In May, 1887, the plaintiff in error, Dorsey B. Houck, was a constable of the city of Omaha, and in his official capacity executed a writ of replevin placed in his hands, commanding him to take and deliver to one J. H. McShane a certain building then occupied by Alexander Benham as a livery stable. In executing the writ the con-

stable removed from the building several horses owned by
Benham, and tied them in the street near the stable, where
they remained several hours without water or food.   Ben-
ham having refused to take possession of the horses,
Houck took eight of them to the stables of Gue and seven
to the stables of Hurley.   Gue and Hurley both testify
that they were not aware when they received the horses that
they belonged to Benham, or that they had been aban-
doned by the owner.   Shortly afterwards they learned
that the horses belonged to Benham, who called frequently
to see them, but did not offer to take them away.   There
is no dispute as to the value of the care and feed bestowed
by the plaintiffs.

The plaintiffs called as a witness the defendant Dorsey B.
Houck, who testified that when he took the horses to the
plaintiffs, he informed them that he had replevied Ben-
ham's barn, and that the horses belonged to him ; that
they had been taken out of the barn and tied in the street.
The witness further testified that he told the plaintiffs that
he had no interest in the horses, but desired to put them
in some place, to get them out of the street.

The defendants introduced no testimony.   Houck's at-
torney attempted to argue the case to the jury, when he was
stopped by the court, and instructed the jury to find for
the plaintiffs.

The most of the brief of counsel on either side is de-
voted to the discussion of the liability of a constable for
feed and care bestowed by a third party at his request,
upon property received by him in his official capacity.
We do not think that question is presented by the record
before us.   Houck had no writ for these horses and he did
not have charge of them as an officer.   He had a writ of
replevin for the barn, but that did not authorize the officer,
in executing the process, to engage food and care for the
stock he removed from the building.   Whether Houck
was personally liable for the attention bestowed by the

plaintiffs was a question of fact to be determined by the jury from all the evidence.

If it be true, as the plaintiffs testify, that Houck did not disclose who was the owner of the stock when it was committed to their care, and that the plaintiffs did not know whose property it was, then doubtless Houck would be liable in his action. But, on the other hand, if Houck at the time informed the plaintiffs the circumstances under which he received the horses and that he had no interest in them, but that they belonged to Benham, and to let him have them when called for, then there was testimony from which the jury could have found that Houck was not liable. The evidence is conflicting, and certainly does not conclusively show that there was an implied contract that the feed bill should be charged to Houck. As there was testimony before the jury tending to establish the nonliability of the defendant, he was entitled to have it submitted to and weighed by the jury. The court, therefore, erred in directing the jury to find for the plaintiffs. (*Hall v. Varnier*, 6 Neb., 85; *Grant v. Cropsey*, 8 Id., 205.)

The learned district judge who presided at the trial doubtless overlooked the testimony of Dorsey B. Houck, or the jury would not have been instructed to find for the plaintiffs.

The defendant Houck requested the following instructions, which were refused:

"1. The defendant, Dorsey B. Houck, cannot be held liable in these cases unless the jury find from the evidence that there was a present understanding between the plaintiffs and defendant Houck, at the time the plaintiffs received the horses, that Houck should be held liable for the keeping of the same.

"2. If the jury find from the evidence that the plaintiffs received the horses from defendant Houck in his official capacity as constable, then the plaintiffs are not entitled to recover in this action against Dorsey B. Houck, as he is sued as an individual and not as such officer."

The court did not err in refusing these requests. It is not claimed that there was an express agreement that Houck should pay for the keeping of the stock, but the contention of the plaintiffs is that the facts were such that the law would imply an obligation to pay. The first request was therefore misleading. The second request was objectionable on the same ground. Houck in taking the stock to the plaintiffs was performing no official act. It would have been error to have granted either of the defendant's requests.

The court refused to permit the counsel for the defendant to argue the facts to the jury. This ruling, we presume, was made upon the theory that there was no evidence upon which a verdict for Houck could have been sustained. Had such been the case, the refusal to allow any argument would have been proper. But as the testimony was conflicting upon a material matter in issue, the defendant had an absolute right to have his counsel argue the facts to the jury. (*Douglass v. Hill,* 29 Kan., 527, and cases there cited.)

The judgment of the district court will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

REVERSED AND REMANDED.

THE other judges concur.