JOSEPH SUITER v. PARK NATIONAL BANK OF CHICAGO.

[FILED OCTOBER 11, 1892.]

1. **Trial**: OPENING AND CLOSING. When, in an action on a note on the issue made by the pleadings, the plaintiff would be required to prove any fact to entitle him to recover, he has the right to open and close. If, however, the defendant in his answer admits the plaintiff's cause of action, but sets up new matter, such as usury for a defense, so that the defense would fail without proof of such new matter, the defendant is entitled to open and close.

2. **Directing Verdict.** Where, from the testimony before the jury, different minds might draw different conclusions, it is error to direct a verdict.

3. **Usury**: PROMISSORY NOTE: BONA FIDE HOLDER: ONUS PROBANDI. When usury is clearly established in the transaction, the burden of proof is on the person holding the instrument to show that he is a *bona fide* holder for value before maturity.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*L. W. Colby,* and *Pemberton & Bush,* for plaintiff in error.

*F. I. Foss,* and *Hastings & McGintie, contra.*

MAXWELL, CH. J.

This action was brought in the court below upon a promissory note, as follows:

"$4,309.38.          DE WITT, NEB., January 10, 1889.

"On the 10th day of June, 1889, after date, for value received, I promise to pay to the order of Fayette I. Foss, of Crete, Neb., four thousand three hundred nine and $\frac{38}{100}$ dollars, with interest at the rate of 10 per cent per annum from maturity until paid. Negotiable and payable at the De Witt Bank at De Witt, Neb.

"No. 1377.    Due 6–10–'89.          JOSEPH SUITER."

Said note was endorsed as follows:

"For value received I hereby waive notice of protest and non-payment, and guarantee payment of the within note.                              FAYETTE I. FOSS.

"6–25.    Cr. on the within note; Cr. on $1,790.14; Cr. on $1.40."

The note was afterwards indorsed by the cashier of the De Witt Bank and delivered to the defendant in error.

It is admitted that $1,790 and $1.40 have been paid on the note.

Suiter in his answer, which is very long, admits the making of the note, but alleges, in substance, that the note in question is the culmination of a long series of usurious transactions, which are. set out at length, and that the plaintiff below is not a *bona fide* purchaser and holder of the note.

On the trial of the cause the court directed a verdict for the plaintiff below and the jury returned a verdict in its favor for $2610.68, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The first objection of the plaintiff in error is that he was denied the right to open and close on the trial, and was thereby prejudiced. If the testimony in the case justi-

fied the court in directing the jury to find a verdict for the
plaintiff below there would be no error in having denied
the defendant below the right to open and close, if the
defendant below admitted the cause of action of the plaint-
iff below, so that he had nothing to prove except for the
new matter to entitle him to recover, then the defendant
was entitled to the opening and closing. An examination
of the answer shows that the defendant below admitted
the making and delivery of the note and all the facts stated
in the petition, so that no proof would be required on the
face of the pleadings, if the cause was submitted in that
form, to entitle the plaintiff below to recover.

Judge Thompson, in his valuable work on Trials, after
stating the rule adopted by this court that if, on the plead-
ings, the plaintiff would be required to prove any fact to
entitle him to recover, he is entitled to open and close
(*Rolfe v. Pilloud,* 16 Neb., 21; *Osborne v. Kline,* 18 Id.,
344; *Vifquain v. Finch,* 15 Id., 505; *Mizer v. Bristol,* 30
Id., 138), says: "Where the action is upon a contract
which, by its terms, liquidates the damages—as upon a
promissory note, bill of exchange, bank check, bill single,
policy of life or fire insurance, or any other written instru-
ment which, by its terms, fixes the amount of the recovery
—and the defendant admits the execution of the instru-
ment, but sets up an affirmative defense, such as duress,
fraud, want of jurisdiction, usury, a discharge under an
insolvent debtor's act or in bankruptcy, want of title in
the plaintiff, tender, or other affirmative matter of defense,
or pleads a set-off or counter claim—in all such cases the
plaintiff has nothing to prove in order to recover; upon a
default an inquiry of damages would be unnecessary; and,
therefore, the right to begin and reply is with the defend-
ant." (Thompson on Trials, sec. 231.) He cites the cases
to which the reader is referred.

The defense of usury is an affirmative one, which, being
proven, the burden is on the plaintiff below to show it is a

*bona fide* purchaser for value before maturity, and, therefore, entitled to protection.    This alone, however, will not give it the right to open and close, as the necessity for such proof depends upon the condition that the defendant below establish the usury.    Otherwise it can make no difference to him whether the plaintiff below is a purchaser for value or not, as the amount of consideration for the indorsement would be no defense in favor of the maker of the note. The defendant, therefore, was entitled to open and close.

2. There is testimony in the record in regard to the indorsement from which different minds might draw different conclusions, and it should have been submitted to the jury. (*Houck v. Gue*, 30 Neb., 113; *C., B. & Q. R. Co. v. Barnard*, 32 Id., 306.)    As. there must be a new trial, we do not care to comment on this testimony, or say anything which might be used to influence the jury on the next trial. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.