UNION PACIFIC RAILWAY COMPANY V. WILLIAM A. G. COBB.

FILED JUNE 6, 1894.   No. 5541.

1. Review: CONFLICTING EVIDENCE.  As to the existence of negligence sufficient to justify or defeat a recovery, the evidence being conflicting, the special findings of the jury are conclusive.

2. Trial: INSTRUCTIONS: NEGLIGENCE: QUESTION FOR JURY. Whether there were such facts shown, as, in view of a conflict in the evidence, would sustain or defeat a recovery, was not within the province of the trial judge to instruct the jury.  His whole duty was discharged as to the existence or absence of negligence when he instructed the jury what evidence might be taken into account in determining the preponderance of the evidence upon this branch of the case.

3. Special Findings: DISCRETION OF COURT: REVIEW.  The · requirement that special findings be made by the jury is a matter of discretion with the trial court, and the refusal to require

a special finding requested does not ordinarily afford a sufficient reason for the reversal of the judgment subsequently rendered. Following *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356.

ERROR from the district court of Dodge county. Tried below before MARSHALL, J.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error.

*Frick & Dolezal, contra.*

RYAN, C.

The defendant in error recovered a judgment in the district court of Dodge county for the sum of $1,425 against the plaintiff in error. The petition upon which the judgment was recovered alleged that the defendant therein named was a corporation on the 20th day of January, 1885, owning and operating a railroad line through said county, and that while plaintiff was traveling with due care on and along Main street, a public highway in the city of Fremont, in said county, crossed by defendant's said railroad line, the defendant, by its agents, servants, and employes, carelessly, negligently, and without ringing the bell on its locomotive, and without sounding the whistle thereon, and without any warning of its approach to and on said highway, ran its locomotive and cars against plaintiff, to plaintiff's great injury. Following these averments were allegations describing the extent of plaintiff's injuries and the manner and degree in which they had caused him damage. The answer admitted the corporate existence of the defendant and its ownership of the line of railroad upon which plaintiff was injured, but denied the extent of the injury to be as alleged; denied that they were imputable to defendant's negligence, or any other cause than plaintiff's own negligence. These last averments were denied in plaintiff's reply.

There were submitted to the jury special interrogatories, in answer to which the jury found that the engineer of defendant's train would, but for too high a rate of speed, have had time to lower the speed or to stop the train so as to have prevented the injury after he became aware of plaintiff's intention to cross in front; and that, after discovering the plaintiff in a place of danger, the said engineer did not at once use all appliances on his engine for arresting his train for the purpose of stopping so as to prevent a collision and injury; and that plaintiff was not guilty of negligence in failing to look for a train; and that defendant was guilty of negligence which directly contributed to the injury. The jury also specially answered that the jury did not know whether plaintiff, after he first looked for the train, could have seen it in time to avoid injury had he again looked before he attempted to cross defendant's track, and that the jury did not know whether the appliances on defendant's locomotive were such as were in general use, nor whether they were in good order. The affirmative special findings were not in each instance sustained, as they should have been, by the evidence. There were supported a sufficient number of these, however, to establish specially as facts that the defendant's employes were negligent in failing to ring the bell and sound the whistle of the locomotive, and were running the train at an unusual rate of speed just before reaching the street crossing where plaintiff received his injuries. There was also evidence to justify the special finding that the injury was not imputable to negligence on plaintiff's part. The serious nature of the injury was shown, and we do not understand that it is contended that the recovery was disproportionately large. There were, therefore, sufficient facts found, practically conceded or established by the proofs, to entitle plaintiff to the judgment rendered in his favor.

There remains to be considered another matter urged in argument as to the facts, and this refers to alleged miscon-

duct on the part of attorneys for plaintiff in the district court.    In the bill of exceptions descriptive of the commencement of the trial was contained the following language:

"Plaintiff offers, and stated in his opening to the jury, that plaintiff will prove on the trial that the witnesses of defendant, who will testify for defendant that the train that struck plaintiff was moving with proper speed and gave the signals required to be given of the approach of the train to the crossing, were employes of defendant, and that if said witnesses had reported that the striking of plaintiff was the result of any want of care on their part such witnesses would have lost their situations and been discharged by defendant, and that with such knowledge said witnesses reported said collision to have occurred from no want of care on their part.

" Counsel for defendant objects, that this is improper in the opening of plaintiff.    Objection sustained.    Plaintiff excepts."

Later in the trial the same matter was presented in the manner following : After asking engineer Livingston whether he made a report to the company of the accident, and receiving an answer in the affirmative, plaintiff's counsel asked, " In that report did you, or did you not, report that you had performed your duty properly? " and upon the witness answering " I did," counsel then asked him, "If you had reported that you were negligent, would you, or would you not, have been discharged? "    Upon this question being overruled, counsel again questioned the witness thus :

Q. You are now in the employ of the Union Pacific Railway Company ?

A. Yes.

Q. If you were to state now that this injury sued upon here occurred by the negligence of yourself or any one, would you or would you not be deprived of your position?

Objection being renewed, was sustained.

Again, upon cross-examination of Mr. Fitch, the fireman, the evidence was as follows:

Q. Did you ever make, or join in making, any report concerning this occurrence to the company when it happened?

A. I did. If I recollect I signed a report.

Q. Now Mr. Fitch, if you had reported or signed a report that this injury was caused by your negligence would you not have been discharged from your situation?

Defendant objects, as immaterial and irrelevant, and not within the scope of cross-examination. Objection sustained.

Q. Is it, or is it not, a fact that your omission, should you report that you did not ring the bell, that you would be subject to be discharged and lose your situation?

Objection renewed upon the same grounds, and objection sustained.

In the course of the re-examination of Mr. Livingston, the engineer, the following evidence was given and proceeding had:

Q. You had anticipated that there would be trouble on this thing?

A. No, I did not know there would be. I knew the company required me to make an accurate report of the accident just as it occurred.

Q. Now, if the engineer running the train when the accident happened in this case had stated in his report that he had omitted or forgotten to sound the station whistle on an incoming train, would he, or would he not, under the rules of the company, have been discharged or lost his position?

Defendant objects, as immaterial, irrelevant, and not within the scope of cross-examination. Objection sustained. Exception taken.

It is urged by counsel for plaintiff in error that the

above insistence upon this point was for effect upon the
minds of the jury and evinced a marked disrespect for the
ruling of the court and could have subserved no useful
purpose in the trial.   In these matters much must be left
to the discretion of the trial judge.   Counsel might be
criticised very severely for the course above taken if im-
pelled by the motive ascribed.   Whether disrespect was
intended, and whether the interrogatories were propounded
with the evil design charged by counsel for plaintiff in
error, depends very largely on the circumstances surround-
ing the acts criticised, and the motive.   Of these the trial
court had better opportunities to judge than we can possi-
bly have, and as there was found no offense by the trial
court, we should be slow to indulge in what might be a
radical misconstruction of both the motive and results.   If
the verdict and judgment had been in favor of the defend-
ant, whereby the present defendant in error would have
been compelled to proceed as plaintiff in error in this
court, the record made might not have been too full to
present for review the question whether on cross-examina-
tion the engineer and fireman should not have been com-
pellable to answer the questions propounded to each of
them.   It is not intended to intimate an opinion either
way as to the existence of such necessity.   It is sufficient
for our purpose to say that the trial judge, having taken
no umbrage at the method whereby exceptions were saved,
the judgment by which his actions were governed will not
be reviewed.   There was no abuse of discretion in the
refusal by the court to submit other interrogatories than
those above referred to for special findings thereon by the
jury.   The alleged error in this respect does not, there-
fore, justify interference on the part of this court. (*Atchi-
son, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356 ; *Floaten v.
Ferrell*, 24 Neb., 347.)

There is in the brief of plaintiff in error a short dis-
cussion of alleged errors on account of the giving of eight

instructions, each designated by number. The criticisms in regard to these instructions are, first, that there was no evidence showing the want of ordinary care, but that the evidence was to the contrary. This has heretofore received consideration. Second, it is insisted that there was no foundation for the assumption in the instructions complained of that the bell was not rung, and that the whistle sounded. As already indicated, there was evidence from which the jury might find the facts to exist, as in the instructions it was assumed their existence might be found. The third criticism of the eight instructions singled out is, that the fact that the plaintiff may have testified that he did not hear the bell or whistle, furnished no evidence to the jury, as nothing shows that the failure was the proximate cause of the injury. The evidence of the defendant in error, in addition to the fact that he failed to hear the sound of the bell or whistle, was that if he had heard either of these warnings in sufficient time to allow of it he would have stepped from the track before the engine reached and struck him. From the well ascertained results of the failure to avoid colliding with a locomotive moving at the rate of fifteen miles an hour the jury very properly believed this statement as to defendant in error's probable conduct under the condition of known impending danger just stated. The court left with the jury the question of the existence of negligence contributing to the accident, as one of fact. Plaintiff in error requested instructions defining what would constitute contributory negligence, *per se*, and by what evidence the alleged negligence on the part of the employes of plaintiff in error would be disproved. It need only be said that the theory of the trial court was in accord with the rule laid down by this court in *Atchison & N. R. Co. v. Bailey*, 11 Neb., 332; *Johnson v. Missouri P. R. Co.*, 18 Neb., 690; *Omaha, N. & B. H. R. Co. v. O'Donnell*, 22 Neb., 476; *Stevens v. Howe*, 28 Neb., 547; *Missouri P. R. Co. v. Baier*, 37 Neb., 236;

*Chicago, B. & Q. R. Co. v. Grablin,* 38 Neb., 90.   There is no error apparent in the record, and the judgment of the district court is

AFFIRMED.

POST, J., not sitting.