EMMA HARGRAVE ET AL. V. HOME FIRE INSURANCE
COMPANY.

FILED JANUARY 3, 1895.   NO. 6110.

Peremptory Instruction. When there was such a conflict of the
evidence that a verdict might reasonably have been found in
favor of the plaintiff, it was error for the district court to instruct
the jury peremptorily to find for the defendant.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*John P. Breen,* for plaintiffs in error.

*Jacob Fawcett, contra,* cited in support of the direction of the verdict: *Hyatt v. Brooks,* 17 Neb., 33; *Lent v. Burlington & M. R. R. Co.,* 11 Neb., 201; *Burlington & M. R. R. Co. v. Wendt,* 12 Neb., 76; *Post v. School District,* 19 Neb., 135; *Burns v. City of Fairmont,* 28 Neb., 866; *Hughes v. Ins. Co. of North America,* 40 Neb., 626.

RYAN, C.

In compliance with a peremptory instruction there was a verdict for the defendant, on which judgment was duly rendered by the district court of Douglas county. In effect, there is but one assignment of error presented, and that is as to the instruction to find for the defendant. It is not necessary to determine whether or not plaintiff was probably entitled to a judgment in view of all the evidence introduced, for the determination of contested questions of fact is within the province of the jury, and it is error to direct what verdict shall be found. (*Hall v. Vanier,* 6 Neb., 85; *Johnson v. Missouri P. R. Co.,* 18 Neb., 690; *Grant v. Cropsey,* 8 Neb., 205; *Houck v. Gue,* 30 Neb., 113.) Where from the testimony before the jury different minds might draw different conclusions, it is error to direct a verdict. (*Suiter v. Park Nat. Bank of Chicago,* 35 Neb., 372.) Where the evidence, which would sustain or defeat a recovery, is conflicting, the question is for the jury. (*Union P. R. Co. v. Cobb,* 41 Neb., 120.)

The policy admitted to have been issued to the plaintiff was of date February 3, 1890, and was for the period of one year from February 1, 1890. The articles insured were household furniture, beds, bedding, wearing apparel, etc. The policy was not issued upon a written application,

Hargrave v. Home Fire Ins. Co.

but upon the request of George W. Hopper. It was sent
to Lizzie Kirk about two months after its date. She testi-
fied that at the time the policy was given her, the person by
whom it was delivered notified her that afterwards she
might make payment of the premium at the door. Sub-
sequently Mr. Johnson, who was collector for the defend-
ant, asked payment of the premium, which Miss Kirk at
the time was not able to make. Mr. Hopper was, by Mr.
Johnson, requested to ask Miss Kirk to pay the amount of
the premium, and did so, but was able to obtain only a
promise that she would pay it as soon as the assured could
secure money for that purpose. On the 28th day of July,
1890, a fire broke out in a block very close to the build-
ing wherein was kept the insured household goods. Miss
Kirk paid the premium to Mr. Hopper, and in about half
an hour after such payment the aforesaid fire reached the
building occupied by Miss Kirk. Some of the goods in-
sured were totally destroyed, others were damaged. The
money paid to Mr. Hopper was at once paid to the defend-
ant. It was received without any knowledge on the part
of the officers of the company that the property described
in the policy was either being destroyed or imminently
threatened by fire. When Mr. Hopper received the pre-
mium he said to Miss Kirk that it was pretty late to make
payment, but he did not think her building was in any
danger. It is evident, however, that her own realization
of the danger to be apprehended was such that she hur-
riedly paid the premium, which otherwise she might not
have done, and requested Mr. Hopper at once to turn it
over to the defendant. On the day following the fire Miss
Kirk called at the office of defendant and, orally hav-
ing given notice of the loss, demanded payment. This
was refused for the reason then assigned to her that the
payment of the premium had been so long deferred that
her policy, by the company, had been regarded as canceled,
and, furthermore, she was informed in this connection that

22

the premium had been received by the company without knowledge of the then existing fire which destroyed the goods described in the policy.   The amount of said premium was thereupon tendered to her, but she refused to receive it.   It is not deemed a specially important fact that Mr. Hopper was not a commissioned agent of the defendant.   He in fact applied for the policy and it was issued as he requested.   The defendant does not question that the policy was delivered to the assured, and so became as operative as could any policy without payment of the premium. Mr. Hopper had been encouraged by Mr. Barber, secretary of defendant, to bring to the company applications in the precise manner in which this was brought.   For bringing these applications Mr. Hopper was entitled to a commission from the defendant, and this was the only compensation which he was entitled to receive.   There was evidence that Miss Kirk was the sole owner of the insured property, though for the purposes of this case it may be conceded that this proposition was questioned.   At the date of the policy there was a chattel mortgage on the property insured.   Afterwards this was in part satisfied, and for the balance not paid another mortgage was made.   No possession, however, was taken under either of these mortgages, neither was there any foreclosure.   There was, therefore, no such change of title as to avoid the policy. (*Union Ins. Co. v. Barwick*, 36 Neb., 223.)   At most, on these propositions the defendant could only claim that there was a preponderance of evidence in its favor.   Whether or not this claim was well founded we do not decide.   For fear we may be misunderstood in relation to the right of this company to consider a policy as void by virtue of an undisclosed, mere mental operation on the part of the officers of the defendant in that direction, we desire to say that there was no competent evidence whatever of a cancellation of the policy sued on.   The other questions which were presented, and which we have described at some length,

might reasonably have been resolved in favor of plaintiff. Under such circumstances they should have been passed upon by the jury.   The judgment of the district court is

REVERSED.