CHICAGO & N. W. RY. CO. v. OLNEY.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

No. 563.

Review on Appeal—Direction of Verdict.

A refusal to direct a verdict for defendant is not ground for reversal when the evidence on all the material issues is conflicting.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

N. M. Hubbard, Jr., and F. F. Dawley (N. M. Hubbard, with them on the brief), for plaintiff in error.

Lyman A. Ellis (Charles A. Clark and Frank W. Ellis, with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.    About 3 o'clock in the morning of December 27, 1891, Denton Olney, the defendant in error, struck his knee against a switch target in the yards of the Chicago & Northwestern Railway Company, the plaintiff in error, at Clinton, in the state of Iowa, and was thereby severely injured.    At the time of the accident, he was a fireman in the employment of the railway company, and was running along the yard by the side of his engine to throw a switch in the discharge of his duty. He sued the railway company in this action for damages that resulted from the injury, and alleged that its negligence in leaving a switch target without a light upon it in the night, directly in the path which he was required to follow in the discharge of his duty, caused his injury.    The railway company denied that it was negligent, and alleged that the negligence of the defendant in error was the proximate cause of his injuries.    At the close of the evidence, the counsel for the company requested the court to direct the jury to return a verdict in its favor.    The court declined to do so, and this is the supposed error of which complaint is made in this court.

The testimony was conflicting upon all the material issues in the case.    There was testimony that it was customary for the company to maintain a light on the switch target against which the defendant in error ran, but that it was not lighted on the night of the accident, and there was testimony that the defendant in error was injured on a target that was never lighted, and that the target on which he claimed to have been injured was properly lighted at the time of his injury.    It was the special province of the jury to consider this conflicting evidence, and to find the ultimate facts. This evidence was by no means so clear and convincing that all reasonable men, in the exercise of a fair and sound judgment, would be compelled to come to the same conclusion.    The evidence was submitted to the jury under a careful and exhaustive charge, which clearly and correctly stated the rules of law which should guide them in the decision of this case, and they returned a verdict for the defendant in error.    A careful examination of the record has satisfied us that it contains ample evidence to warrant this finding, and the judgment below must accordingly be affirmed, with costs.    It is so ordered.