## WELLER v. HILDERBRANDT.

1. Where an order granting a new trial did not specify the grounds on which it was based, it will be affirmed on appeal, if any ground on which the motion was made was sufficient to sustain the order.

2. Where the weight of the evidence or the credibility of the witnesses is involved, or where the evidence on a material issue is so conflicting that different minds might reasonably draw different conclusions or inferences therefrom, it is error for the court to direct a verdict.

3. Where, in an action against a sheriff to recover personal property levied on as the property of plaintiff's tenant, the evidence as to whether the

property was owned by plaintiff or the tenant was conflicting, and there was also evidence justifying an inference that plaintiff's agent, with plaintiff's authority, had sold the property to the tenant, the giving of an instruction that for the purposes of the trial the property levied on belonged to plaintiff, and that there was no evidence to show that plaintiff's agent had authority to or did make any sale of the property, etc., justified the granting of a new trial.

4. An error shown will be presumed prejudicial, unless the appellate court can clearly see that the appellant was not prejudiced thereby.

(Opinion filed December 21, 1904.)

Appeal from circuit court, Codington county; Hon. JULIAN BENNETT, Judge.

Action by J. J. Weller against H. A. Hilderbrandt. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Geo. W. Case,* for appellant.

*S. A. Keenan,* for respondent.

CORSON, P. J. This is an action by the plaintiff and appellant to recover the value of two certain horses and a set of harness claimed by him, which were taken by the sheriff of Codington county under an execution issued in an action wherein the McCormick Harvesting Machine Company was the execution creditor and James L. Smith was the execution debtor. The plaintiff resides in Iowa, but owned a farm in Codington county, which was leased to said Smith. The defendant, as sheriff of the county, levied upon the property in controversy as the property of Smith, and the same, while in his possession, was destroyed by fire. The case was tried to a jury, which found a verdict in favor of the plaintiff, and judgment was entered thereon. Subsequently, on motion for a new trial, the same was granted, and from the order granting such new trial the plaintiff has appealed.

The court, in its order granting a new trial, does not speci-fy the grounds upon which the same was granted, and hence, if any ground upon which the motion was made was sufficient to sustain the order of the court it must be affirmed.   The mo-tion for a new trial was made upon the following grounds: (1) Errors of law occuring at the trial; (2) insufficiency of the evidence to justify the verdict; (3) that the said verdict was against law.

It is conceded by the appellant that, as a general rule, an appellate court requires a stronger case to be made, to obtain a reversal of an order granting a new trial than it does to se-cure the reversal of an order denying the same, but he con-tends in this case that in granting the new trial the court abus-ed its discretion.   The plaintiff alleged in his complaint that he was the owner of the property, and this allegation was de-nied by the defendant in his answer, and an issue was therefore raised upon the allegation of ownership and denial of the same. On the trial evidence was introduced by the plaintiff tending to prove that he was the owner of the property at the time it was levied upon by the defendant, and there was also evidence on the part of the defendant tending to prove that the property had been purchased by Smith, the execution debtor, prior to the levy of the execution. The court, notwithstanding this con-flict in the evidence as to the sale of the property to Smith and the undisputed evidence that Stoy was authorized to sell the property, instructed the jury as follows:   "You are instructed in this case that for the purposes of this trial the personal property described in the complaint was owned at the time it was taken by the sheriff by the plaintiff, Mr. Weller.   The un-disputed testimony shows that Mr. Weller owned the property

in Iowa, and there is no testimony to warrant a finding that this property was sold by Mr. Weller. There is no evidence to show that Mr. Stoy had any authority to or did make any sale of this property; consequently under the evidence as it stands, it is necessary that you should find that · this property belonged to Mr. Weller at the time the levy was made." It will thus be seen that the court instructed the jury distinctly that the personal property described in the complaint was owned by the plaintiff, Weller, at the time it was levied upon by the sheriff, and that it further instructed the jury that there was no evidence that Mr. Stoy had any authority to or did make any sale of the property. It is conceded by the appellant that the instruction, so far as it related to the authority of Stoy to sell the property, was clearly erroneous, as the plaintiff testified that Stoy had authority to dispose of the horses, and this evidence was not disputed; and he further concedes that, if there had been a substantial conflict in the testimony as to the ownership of the property, then the court's charge upon the subject of ownership would have been erroneous; but he contends that while there was some evidence tending to prove the sale of the property by Stoy, the agent, to Smith, the judgment debtor, it was not sufficient to support the verdict of the jury had they found that Smith was the owner. It seems to be the general rule that, where there is a conflict in the evidence, or the weight of the evidence or the credibility of the witnesses is involved, the case should be submitted to the jury, and where the evidence on a material issue is so conflicting that different minds might reasonably draw different conclusions or inferences therefrom, it is error for the court to direct a verdict. Bates v. Fremont, E. & M. V. R. Co., 4 S.

D. 394, 57 N. W. 72; Dirimple v. Bank, 91 Wis. 601, 65 N. W. 501; Chicago Ry. Co. v. Olney, 71 Fed. 95, 17 C. C. A. 620; Houck v. Gue, 30 Neb. 113, 46 N. W. 280; Cain v. Gold Mt. Min. Co , 27 Mont. 529, 71 Pac. 1004; Rush v. Mining Co , 131 Ind. 135  30 N. E. 904; Milne v. Walker, 59 Iowa 186, 13 N. W. 101; Pope v. Whitcombe (Neb.), 93 N. W. 947; Smith v. Coe, 55 N. Y. 678.    In Bates v. Fremont, E. & M. V. Ry. Co., supra, this court held:   "Upon the trial, if the evidence  leave the facts undisputed, and they are such that different conclusions or inferences could not reasonable be drawn from them, it becomes the duty of the court to declare their legal effect; but, if the facts are in dispute, or, if undisputed, they are such that different impartial minds might fairly draw different conclusions from them, they should be submitted to the jury;" and the same rule is applicable to any material issue presented by the pleadings or question of fact involved in the case.   United States v. Tillotson, 12 Wheat. 181, 6 L Ed. 594.   The learned circuit court, in granting a new trial, might reasonably have taken the view, upon re-examination of the evidence, that it had committed error in its charge to the jury, both in respect to the ownership of the property and the authority of Stoy to make the sale; and in taking that view and granting a new trial there was clearly no abuse of the court's discretion.   The contention of counsel for appellant that this court will now weigh the evidence and determine therefrom whether or not there was sufficient evidence to support a verdict had it been in favor of the defendant, is not tenable, and it is not proper for this court on this appeal to express any opinion as to whether or not the evidence was sufficient to have justified such a verdict.

19 S. D.—4

Where error is shown, there is a presumption that it is prejudicial, and unless the appellate court can clearly see that the party has not been prejudiced by reason of the error, the presumption of prejudice will prevail.

These views lead to the conclusion that the order of the circuit court granting a new trial should be affirmed, and the same is affirmed.