LOUISE SGROI, APPELLEE, v. YELLOW CAB & BAGGAGE COMPANY, INC., APPELLANT.

FILED MARCH 10, 1933. No. 28429.

*Kennedy, Holland & DeLacy,* for appellant.

*Howell, Tunison & Joyner* and *J. R. Lones, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to recover damages for personal injuries, in which plaintiff recovered a judgment. Defendant has appealed.

Plaintiff was a passenger on a street car traveling north on Sixteenth street in the city of Omaha. The street car stopped when it reached Howard street, and plaintiff alighted from the front end of the street car and started to walk east to the sidewalk. While so doing, she was injured in a collision with one of defendant's taxicabs going north and passing the street car on the east side thereof. At the place where plaintiff alighted there was a safety zone for the protection of persons alighting from or waiting to enter street cars stopping at that point.

Plaintiff charged defendant with negligence in operating the taxicab without having it under control; in disregarding the rights and safety of persons upon the street at said place; in failure to give any signal or other warning of its approach at the time and place of the collision, and in that the taxicab was suddenly and negligently driven at a speed in excess of 12 miles an hour and at a speed which was greater than reasonable and proper, having regard for the traffic and use of the street and prevailing conditions. In its answer defendant admitted

that there was a collision in which plaintiff received some injuries, but charged that plaintiff walked into the side of the taxicab, and that she was guilty of contributory negligence.

At the close of plaintiff's testimony and again at the close of all the evidence, defendant moved for a directed verdict, which the court denied. Defendant contends that the evidence fails to establish actionable negligence on the part of defendant, and that, in any event, it establishes that plaintiff was guilty of more than slight negligence in comparison, and for those reasons its motion should have been sustained.

Where, from the evidence before the jury, different minds might reasonably draw different conclusions as to defendant's liability, it would be error to direct a verdict for defendant. *Suiter v. Park Nat. Bank,* 35 Neb. 372; *Thomson v. Shelton,* 49 Neb. 644; *Ogden v. Sovereign Camp, W. O. W.,* 78 Neb. 806; *Oleson v. Oleson,* 90 Neb. 738; *Morrissey v. Wharton,* 98 Neb. 544; *Sindelar v. Hord Grain Co.,* 116 Neb. 776.

We have read all the evidence and, from a consideration thereof, have reached the conclusion that the evidence is such as to bring it within the announced rule. The court properly refused to direct a verdict for defendant.

Defendant complains that the court erred in submitting to the jury the question of the speed of the taxicab. The only direct evidence as to the rate of speed at which the taxicab was being driven was to the effect that it was not more than ten miles an hour. On the other hand, there was evidence that the driver of the taxicab applied his brakes and locked the rear wheels of the taxicab. There was evidence tending to show that the marks of the locked wheels on dry, level pavement were from six to ten feet long. This is sufficient to warrant an inference of a greater speed than that testified to by defendant's witnesses. We think it was sufficient to permit that question to be submitted to the jury.

Complaint is made of the giving and refusing of a number of instructions. We have examined both those given and those refused, and find no just ground for criticism except in instruction No. 11, given by the court. In this instruction the trial court attempted to give the rule as to the measure of recovery in cases where the comparative negligence rule would be applicable; that is, in cases where the contributory negligence of plaintiff was slight and the negligence of defendant gross in comparison. The instruction contains the following language: "If you find that the negligence of plaintiff was slight, and defendant's negligence gross in comparison therewith, the plaintiff may still recover, but in such case plaintiff's damages must be reduced in the proportion that her contributory negligence bears to the whole amount of damages sustained."

The statute (Comp. St. 1929, sec. 20-1151) provides that in actions to recover damages for personal injuries, where plaintiff and defendant have both been negligent, plaintiff may still recover if his contributory negligence was slight and the negligence of defendant was gross in comparison, and further provides that "the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff."

It is clear that the comparison was to be made between the negligence of the two parties, and if plaintiff was entitled to recover, then her recovery should be reduced in the proportion that her negligence contributed to the injury. If defendant's negligence was four times as great as plaintiff's negligence, the proportion would be four to one. The combined negligence of the two causes the total damage sustained. It is plain in such case that plaintiff's own negligence caused one-fifth of her injury and defendant's negligence four-fifths, and that plaintiff would be entitled to a judgment for only four-fifths of the total amount of damage sustained as the result of the combined negligence of the two.

The instruction failed to properly inform the jury as to the extent plaintiff could recover under the comparative negligence statute. Without the proper rule to guide them in this respect, the jury were left to speculate. The instruction was clearly erroneous, but the erroneous part thereof related only to the measure of recovery. No complaint is made that the verdict is excessive, if plaintiff was entitled to recover. Under such circumstances, the giving of this instruction was harmless error and not ground for reversal.

No prejudicial error has been found. Judgment
AFFIRMED.